## CARPENTER *v.* CARPENTER.

*(Supreme Court, General Term, Fifth Department.*    April 11, 1890.)

1. DIVORCE—ADULTERY—JURY TRIAL.
    An action for a divorce being triable by the court, except that upon the application of either party the court must, and upon its own motion may, direct the trial by a jury of the issue of adultery, (Code Civil Proc. N. Y. § 1757,) it is proper for the court, where the issue of adultery has been tried by a jury, to order the exceptions heard in the first instance at general term in accordance with Code, §§ 1000, 1003, authorizing such a course where there has been a trial by jury "of one or more specific questions of fact arising upon the issues in an action triable by the court."

2. SAME—EFFECT OF VERDICT.
    In such a case the verdict of the jury is not "simply advisory," as in equity cases, but is conclusive unless set aside or a new trial granted.

3. SAME—EVIDENCE.
    Testimony as to visits of defendant to other houses of ill fame than those in which the adultery was charged to have been committed, and his lewd and improper conduct on those occasions, is competent as bearing upon the probability of the evidence in support of the specific charges.

4. SAME.
    Testimony that defendant had contributed nothing to the support of his wife since their separation is unobjectionable, as it tends to show defendant's unfaithfulness to his marriage vows.

5. SAME.
    Where a witness testifies positively that a house is of ill fame, he must be presumed, on appeal, to have testified from personal observation.

Motion for a new trial on exceptions.

Action for a divorce, brought by Augusta Carpenter against Frederick W. Carpenter. Defendant moves for a new trial on exceptions to be heard in the first instance at general term, after trial at circuit of issues framed for a jury.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. M. Humphrey,* for motion.    *A. C. Calkins,* opposed.

DWIGHT, P. J.    The issue of adultery only was sent to the jury on 10 questions, framed upon as many specific allegations of the complaint. The jury answered two of the questions in the affirmative, and the remainder in the negative, the latter under direction of the court. Thereupon the court granted time to the defendant to make a case and exceptions, and ordered the same to be heard at the general term in the first instance. This was in accordance with section 1003 of the Code of Civil Procedure, which extends the provisions of section 1000 to cases in which there has been a trial by jury "of one or more specific questions of fact arising upon the issues in an action triable by the court." An action of divorce is triable by the court, except that upon the application of either party the court must, and, upon its own motion, it may, direct the trial by a jury of the issue of adultery. Code Civil Proc. § 1757. The order for the hearing of the exceptions in this case, at general term, in the first instance, was therefore properly made, and the defendant's exceptions will be allowed or disallowed, and a new trial granted or refused, in the same manner and with the same effect as if the exceptions had been heard on a motion for a new trial at special term, under section 999, before the same judge who presided at the trial. But the case is not one in which the court, either at general or special term, may disregard the verdict of the jury, and either find the facts according to its own judgment or take further evidence, as may be done in equity cases generally. *Learned* v. *Tillotson,* 97 N. Y. 1–6. In the latter class of cases the verdict is "simply advisory;" "is only a part of the evidence, and if, for any reason, it is deemed unauthorized, it can be rejected, and is not obligatory upon the court." Id. 6. But an action of divorce is within the terms of section 970 of the Code, viz., an action

"where a [either] party is entitled, * * * by express provision of law, to a trial by a jury of one or more issues of fact;" the express provision of law for such case being found in section 1757 of the Code, above referred to. Section 970 further provides for the statement of the questions to be tried in that manner, and that "the finding of the jury upon each question so stated is conclusive in the action, unless the verdict is set aside, or a new trial is granted." The distinction is between two classes of cases, in one of which either party has the right of trial by jury of some issue in the action, and in the other the granting of such trial by jury is in the discretion of the court. The last clause of the provision last above quoted refers, of course, to a case in which the verdict is set aside, or a new trial granted, on the ground of error in the trial, or of misconduct of the jury, or of newly-discovered evidence, or other recognized ground for granting a new trial in any case in which the verdict of a jury has been rendered. We find ourselves, therefore, in this case limited to the inquiry whether any one of the exceptions taken on the trial points to error for which the verdict should be set aside and a new trial granted. We find no such exception in this case. The evidence was manifestly sufficient to require the submission to the jury of at least the two questions which were answered in the affirmative, and to justify the answer which was given. The exception to the refusal of the court to direct a verdict in the negative upon all the questions framed must therefore be disallowed. The argument against the credibility of the principal witness in support of the allegations found to be proved was doubtless urged with full force to the jury. It was a question for the jury, and cannot be reconsidered here.  The exception to the refusal of the court to withdraw from the consideration of the jury the evidence of the witnesses White and Avery, relating to visits of the defendant to other houses of ill fame than those in which adultery was found to have been committed, and his lewd and improper conduct on those occasions, was not well taken. The evidence showed the habits and inclinations of the defendant, and bore upon the probability of the evidence in support of the specific charges found to be true. In *Van Epps* v. *Van Epps*, 6 Barb. 320, evidence of the dissolute conduct and habits of the defendant was held to be corroborative of the evidence of guilt in the instance specified in the complaint. The father of the plaintiff testified to the marriage and separation of the parties, and, in the same connection, that the defendant had contributed nothing to the support of his wife since the separation. The last answer was taken under objection and exception by the defendant. We do not regard the exception as fatal to the verdict. Though the fact was not directly within the issue tried, it belonged to the history of the married life of the parties, and tended to show the defendant's unfaithfulness to his marriage vows. The exceptions to the testimony of the witnesses White and McName in respect to the character of two of the houses visited by the defendant were not well taken. One of them testified to the reputation of the house then in question, and the other testified positively that the house of which he spoke was a house of ill fame. He must be presumed to have testified from personal observation. Under the rules previously considered, limiting the scope of our inquiry in this case, we find no error which vitiates the verdict, and conclude that the exceptions must be disallowed, and the motion for a new trial denied. Motion for a new trial denied, and the case remitted to the special term to proceed thereon.

MACOMBER, J., concurs; CORLETT, J., not voting.