# FREDERICK RAZOR
## v.
# GERTRUDE B. RAZOR.

*Divorce—Separate Maintenance—Adultery—Cross-Bill—Sec. 7, Chap. 40, R. S.—Evidence—Instructions.*

1.  Evidence going to show that a criminal intimacy existed between a man and woman previous to the marriage of one of them does not tend to establish a charge of adultery against the one who subsequently marries, such relations not having been kept up, and should not be admitted in divorce proceedings.

2.  A defendant can only be allowed to open and close a case when the state of the pleadings is such that the plaintiff or complainant has nothing to prove in order to be entitled to a verdict.

3.  Although a refused instruction might well have been given, no complaint should be made of the refusal when the substance thereof was contained in instructions given.

4.  Instructions that are argumentative should be refused.

5.  The right given by statute to either party to divorce proceedings to a trial by jury, means a trial with all the incidents of such a trial at the common law.

6.  The verdict of a jury upon conflicting testimony is conclusive, if there was substantial evidence to support it and the instructions given were without error.

7.  Alimony may be granted, and the payment thereof enforced, during the pendency of an appeal from a decree awarding separate maintenance in a sum named.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. J. E. POLLOCK, JOHN STAPLETON and A. J. BARR, for appellant.

Messrs. FRANK R. HENDERSON and JAMES S. EWING, for appellee.

BOGGS, J.  The appellee filed a bill for separate maintenance

against the appellant, her husband, in which she charges that by false and deceitful promises he induced her to join in a conveyance of their homestead, and thereupon abandoned her as his wife and departed from the State, and that his whereabouts was then unknown to her; that he had sold all their household effects and left her destitute, and that she was without fault in the matter.

The appellant answered the bill by denying that he had induced her to sell the property in question, but averring that he made such sales at her solicitation and request. He denies also the charge that he had abandoned her, but says that he was only temporarily absent from the State upon a visit to a son living in Kansas, and that his return was delayed by a storm of snow which prevailed there, rendering travel impossible, and that while he was so absent upon a visit, the appellee came to Bloomington and without any cause began this action against him.

The appellant by leave of the court filed a cross-bill charging the appellee with having been guilty of adultery and praying for a divorce for that reason. The appellee answered the cross-bill denying the charge of adultery preferred against her. The issues thus made upon the original and cross-bill were submitted together to a jury. The verdict of the jury upon the issue made under the bill for separate maintenance was that the appellant was living separate and apart from the appellee without her fault. Upon the issue made upon the bill for divorce, the finding of the jury was that the appellee was not guilty of adultery as charged.

The court thereupon rendered a decree dismissing the cross-bill and awarding the appellee separate maintenance in the sum of $325 per year, from which the appellant perfected an appeal and thus the record is in this court.

. The court also decreed that the appellant should pay appellee $5 per week as alimony during the pendency of the appeal.

That the court erred in rejecting proper and competent evidence offered by the appellant is one of the assignments of error.

A letter, which the appellant insists is shown by his proof to have been found in appellee's trunk, was offered in evidence and rejected by the court, and this is all that is urged in support of this assignment. The letter is signed "Judge," and was inclosed in an envelope addressed "Mrs. E. Vasburgh, Leroy, Illinois." The appellee insists that the evidence does not show that the letter was ever in her possession. The letter itself is addressed to "My dear Gertie" and purports to be in answer to a prior letter from Gertie. There is no proof of any prior letter. The rejected letter is quite lengthy, too long to be inserted in this opinion. The writer assumes an intimacy with Gertie, from which it might be inferred that criminal intimacy had existed between them. It contains also a proposition for a meeting in St. Louis for the purpose of having sexual intercourse. In support of the offer of the letter in evidence, the appellant offered to prove that soon after the date of the letter, the appellee was anxious to go to St. Louis. She did not, however, go. The letter was rejected by the court because it was not addressed to the appellee, and was not satisfactorily shown to have been one of a number of letters found in appellee's trunk, and because it was not pertinent or material to the issue. The testimony bearing upon the question of whether the letter was one of a number taken from appellee's trunk was conflicting, and we can not say that the court erred in adjudging it not so shown.

It was clear from the proof that the appellee had not since her marriage seen the person whom the appellant claims is the writer of the letter, and appellant does not claim that she had been guilty of adultery with the writer of the letter since the marriage. Had the letter been introduced it could at most only have tended to prove criminal relations prior to the marriage and a desire on the part of the writer to renew such relations. It is admitted that such criminal relations with the writer have not existed since the marriage and the letter was therefore properly excluded. It did not tend to establish the charge of adultery made against the appellee.

It is complained that the court refused to allow counsel for the appellant to open and close the argument of the case to

the jury.  The allegations of the bill are directly denied by the answer.

A defendant can only be allowed to open and close a case when the state of the pleadings is such that the plaintiff or complainant has nothing to prove in order to be entitled to a verdict.  Thompson on Trials, Sec. 228, and many cases there cited.  The court ruled correctly in denying the appellant the right to open and close the case.

That the court allowed improper evidence in behalf of the appellee is assigned as a ground of error, but nothing is offered or suggested in support of it.

The refusal of the court to give two instructions asked by the appellant, and the modification by the court of three other instructions is assigned for error.

One of the refused instructions might have been properly given, but as the rule of law announced by it was fully stated in other instructions given to the jury no error occurred in this respect.  The other refused instruction was argumentative and for that reason was properly refused.  It was, moreover, but a reiteration of principles given in other instructions.

As to the modifications made by the court, the complaint is that the instructions as modified substantially told the jury that adultery must be proven by evidence beyond a reasonable doubt.  We do not so understand them; indeed, in one of these modified instructions it is distinctly said:

" Adultery may be proven like any other fact; it may be proven by a preponderance of the evidence and may be proven by facts and circumstances that naturally lead to it, by a fair inference, etc., establishing the fact that adultery has been committed."

Nor do we find in any of the instructions given to the jury, any intimation that more than a preponderance of evidence is required to establish a charge of adultery.

That the evidence is not sufficient to support the verdict or the decree under the original bill, and that the verdict and decree of the court is against the evidence upon the issue made under the cross-bill, is the ground of all other assignments of error except that of the ninth assignment.

Sec. 7 of Chap. 40 of the statute entitled "Divorce," provides that either party shall have the right to have the cause tried by a jury.

The right thus given is a trial by jury, with all the incidents of such a trial at the common law. The verdict of the jury in such case is not, therefore, merely advisory to the court, as is a verdict rendered by a jury upon an issue arising in an equity cause, but such a verdict has due force and effect of a verdict at common law.

It is too well settled to need the citation of authority in its support that where, as in this case, the evidence upon material questions is sharply conflicting, the verdict of the jury is conclusive if there is substantial evidence to support it, unless error is found in the instructions of the court.

No such error appearing, the finding of the jury upon the issue made under the cross-bill for divorce can not be disturbed. It may be said that the verdict upon the issues under the bill for separate maintenance is advisory only. Without assuming to assent to, or controvert this position, we may dispose of the suggestion by saying that in our judgment the charge of abandonment made against the appellant is fully sustained by the proof. The decree awards the appellee alimony pending this appeal.

The ninth assignment of error questions the power of the court to make such a provision for a deserted wife. Nothing beyond a suggestion that such power does not exist is offered in support of this view of the counsel for appellant.

By the first section of the act of the legislature approved May 17, 1877, power is given the court to grant alimony in proceeding for separate maintenance as in cases for divorce. Starr & C. Ill. Stats., Sec. 22, Chap. 68.

Sec. 15 of Chap. 40 of the Revised Statutes, entitled "Divorce," empowers the court to grant and enforce the payment of alimony during the pendency of an appeal or writ of error. 1 Starr & C. Ill Stats. page 89.

Finding no error in the record the decree of the Circuit Court is affirmed.

*Decree affirmed.*