WILLIAM F. LENNING

*v.*

ADDIE LENNING.

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. DIVORCE—*divorce trial by jury has all incidents of a trial at law.*
A divorce case heard by a jury has all the incidents of a trial at
common law, the verdict of the jury having the same force and
effect, and not being merely advisory, as in a chancery case.

2. SAME—*court cannot assume that two acts of violence constitute ex-
treme cruelty.* The court cannot assume to instruct the jury that

two or more acts of violence necessarily constitute extreme and repeated cruelty, as that fact depends upon the character of the violence, the manner of the party committing it, and all other circumstances attending and having a bearing upon such acts.

3. SAME—*when proof of adultery is competent though charge is withdrawn.* Proof of adultery by the cross-complainant, being a sufficient recriminatory defense to his charge of adultery against the original complainant, is competent, although the latter at trial withdrew her charge of adultery in the original bill but not that alleged in her answer to the cross-bill.

4. SAME—*not necessary to prove adultery by a clear preponderance of evidence.* A preponderance of the evidence only, and not a *clear* preponderance, is necessary to establish a charge of adultery.

5. SAME—*one not entitled to divorce for adultery if guilty of same offense.* Under section 10 of the Divorce act (Rev. Stat. 1874, p. 421,) a divorce cannot be granted for adultery if the complaining party is shown to have been guilty of the same offense.

*Lenning* v. *Lenning,* 73 Ill. App. 224, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

A. A. THOMAS, and WILLIAM J. AMMEN, for appellant.

WILLIAM H. SLACK, and JOHN C. WILSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

We have considered the briefs of counsel, and in connection therewith consulted the record in this cause, and have reached the conclusion the judgment of the Appellate Court affirming the decree rendered by the Superior Court is correct, and should be, and is, affirmed. The opinion of Mr. Justice WINDES, of the Appellate Court, is adopted as the opinion of this court. In that court the appellant here was the plaintiff in error. The opinion is as follows:

"Defendant in error, on March 26, 1897, filed her sworn bill against plaintiff in error in the circuit court charging him with cruelty, generally, since their marriage, without

alleging any specific time or place; also with habitual drunkenness for two years last past, and adultery, at divers times and places since the marriage, with divers lewd women, but fixed no specific time, place or person with whom the adultery was committed, and asking for a divorce from plaintiff in error. Plaintiff in error answered, denying the cruelty, drunkenness and adultery, and alleging that all said charges were known to be false by defendant in error, and that they were made by her to compel him to let her alone in her adulterous life and to allow her to retain certain property described in her bill, and that she knew before her bill was filed that he was preparing to file such a bill against her. The answer also contains a demurrer to that portion of the bill charging him with cruelty and adultery, the cause of demurrer assigned being that there was not sufficient averment of time and place as to those charges.

"The cause was transferred to the Superior Court by agreement, and on June 5, 1897, plaintiff in error filed his cross-bill, alleging that on December 6, 1897, he discovered the unchastity of defendant in error, charging her with adultery with one Frank Marvin, and also with one Johnson and other men, alleging times and places as to the adultery with Marvin, and asking for a divorce from her. She answered, denying all the charges of adultery against her, and later, by leave of court, filed an amended bill and an amended answer to the cross-bill. The amended bill, which is sworn to by her, charges plaintiff in error with striking her, and violently and angrily pushing and forcing her through a window, etc., calling her vile names and falsely charging her with being unchaste and lewd on December 1, 1896, and on many occasions immediately preceding and following said date; also that he had committed adultery on occasions before and after December 1, 1896, with a woman named Anna, her other name and identity being unknown to defendant in error. The answer to the original bill was ordered to stand to

the amended bill. The amended answer to the cross-bill alleges that plaintiff in error has for a considerable time past given himself over to adulterous practices; that at divers times and places since said marriage the cross-complainant has committed adultery with various lewd women, whose names are to this defendant unknown.

"The replications to the respective answers were filed and the cause tried before the court and a jury, which was called on motion of defendant in error. Three issues of fact were submitted to the jury, viz.: (1) Has the defendant, William F. Lenning, since his marriage to the complainant, been guilty of extreme and repeated cruelty to said complainant, as charged in the amended bill? (2) Has the said defendant, William F. Lenning, since his marriage to complainant, Addie Lenning, been guilty of adultery as charged in the amended bill? (3) Did said Addie Lenning commit adultery as charged in the said cross-bill?

"At the commencement of the trial, after the jury were sworn to try the issues, counsel stated, in behalf of defendant in error, that he withdrew the issue of adultery as charged in the amended bill, and the trial was had on the first and third issues submitted. The verdict was that plaintiff in error was not guilty of cruelty and that defendant in error was not guilty of adultery. Both parties moved for a new trial, their motions were overruled, and the court dismissed both the bill and cross-bill for want of equity.

"Plaintiff in error contends that the court erred in admitting in evidence a certain writing, Exhibit 'A;' that the verdict on the issue of adultery of his wife is against the clear weight of the evidence; that the court erred in admitting evidence on the charges of cruelty, and also erred in giving and refusing certain instructions.

"Defendant in error, under cross-errors assigned, contends that her first instruction, which was refused, should have been given. This instruction is, viz.:

1. " 'The court instructs the jury that if they believe, from the evidence, that the defendant, William F. Lenning, has been guilty of two or more acts of physical violence to the person of the complainant, Addie Lenning, he is guilty of extreme and repeated cruelty as charged in the complainant's amended bill; and in considering such acts of violence, if any have appeared from the evidence, they may properly consider any abusive or indecent language used by the defendant, William F. Lenning, to or in the presence of complainant, as tending to characterize such acts of violence, if you further find, from the evidence, that any such abusive or indecent language was used.'

"It is elementary that the court should not assume the province of the jury and tell them that physical violence is necessarily cruelty, as is done in this instruction. Whether two or more acts of physical violence to a person is cruelty, depends on the character of the violence, the manner of the person committing it, and all the circumstances attending such acts, as well as many other matters which could be enumerated that might have a bearing in determining whether the particular violence is cruelty or not.

"The writing, Exhibit 'A,' which the court admitted in evidence, is too vile and obscene to be copied. In substance, it is a statement that plaintiff in error had been guilty of adultery with one or more women. Three witnesses testified that the handwriting was that of plaintiff in error, and he did not deny it, except as to the date, December 29, 1896, 5 P. M., and the address, 'Dear Mary.' The writing is not signed by him. It does not appear that the writing was ever seen by defendant in error until about six weeks after she had left home, and then it was found by a friend who went with her to aid her in getting some of her goods from the house occupied by plaintiff in error, their former home, and during his absence. He had previously changed the locks on the

house, and it does not appear how she gained admission, though presumably through a window. It is contended that admission of this writing was error, because it did not tend to prove any issue submitted to the jury and was calculated to seriously prejudice plaintiff in error. Strictly speaking, this is true. Certainly it was not admissible to prove cruelty, as it was not given to her, nor, so far as the evidence shows, was it intended by Lenning that it should be seen by his wife. The amended answer to the cross-bill alleged that Lenning 'had for a considerable time past given himself over to adulterous practices; that at divers times and places since said marriage the cross-complainant committed adultery with various lewd women whose names are to this defendant unknown.' This allegation was not withdrawn by Mrs. Lenning, and, if true, was a complete defense to the cross-bill. The writing was competent and material proof on this defense. Mr. Bishop, in his work on Marriage and Divorce, (2d vol. sec. 350,) says: 'By all opinions, English and American, one shown to be guilty of adultery cannot have a divorce for adultery committed by the other; and it makes no difference which was the earlier offense, or even that the plaintiff's followed a separation, which took place on discovery of the defendant's.' The text is sustained by authority. (*Smith* v. *Smith*, 4 Paige, 436; *Bast* v. *Bast*, 82 Ill. 584.) The real issue was whether Lenning was entitled to a divorce from his wife on the charge of adultery, and the court might very properly have instructed the jury, in view of this writing, that if they believed, from the evidence, he was guilty of adultery, then their verdict as to her should be not guilty,—that is to say, though she might be guilty of adultery, if he was also guilty of the same offense that fact was a complete answer to the charge against her, and a bar to his suit. The Revised Statutes (chap. 40, sec. 7,) provide that 'either party shall have the right to have the cause tried by a jury.' When the case is tried by a jury the trial has

all the incidents of a trial at common law, and the verdict is not merely advisory to the court, but has the force and effect of a verdict at common law. (*Razor* v. *Razor*, 42 Ill. App. 504.) The whole issue made by the cross-bill and answer to it was tried by the jury, and this writing being material on the recriminating defense of adultery by Lenning, made by the answer, was properly admitted in evidence.

"The court gave, at request of defendant in error, an instruction, viz.:

" 'The court instructs the jury that the act of adultery cannot be presumed, but must be alleged and clearly established by a preponderance of all the evidence; and in this case, if you believe the facts and circumstances relied upon to prove the complainant, Addie Lenning, to have been guilty of adultery, are as well consistent with her innocence as with her guilt, then it is your duty to find her not guilty of adultery.'

"This, we think, was error, in that it tells the jury that adultery must be clearly established by a preponderance of all the evidence, and is in conflict with instruction numbered 1, given for plaintiff in error, in which the jury were told it was not necessary to prove the charge of adultery or cruelty beyond a reasonable doubt, but that it was sufficient in either case if the jury believe that such charges, respectively, were proven by the preponderance of the evidence. The latter instruction states the law correctly. (*Crabtree* v. *Reed,* 50 Ill. 206; *McDeed* v. *McDeed,* 67 id. 546.) In these cases it was held that instructions which required a plaintiff to make out his case by a clear preponderance of the evidence were erroneous. The language of the fourteenth instruction is, 'clearly established by a preponderance of all the evidence,' and means the same as clear preponderance of the evidence. We do not think this reversible error, however, in this case. If the jury had found Mrs Lenning guilty of adultery we think the court should have set aside the verdict,

because the writing, Exhibit 'A,' is a plain statement, in his own handwriting, that defendant was guilty of adultery. He was examined about it, and testified that certain words in the writing were not his handwriting, but was not asked whether the statements in the writing were true or not. We must assume that they were true when he failed to deny them, though called to the stand three times after this writing was admitted in evidence.

"We have carefully examined the whole evidence, and are of opinion that it justifies the whole verdict of the jury, and think that on the evidence the court did not err in dismissing both the bill and cross-bill.

"The contention that the court erred in admitting any evidence of Lenning's cruelty is not tenable, because he is found not guilty of cruelty, and besides, it was admissible under the allegation of the amended bill. We can not see, after a thorough examination of the whole case, that he was in any way prejudiced by that evidence.

"From a particular examination of all the other instructions given, refused and modified, of which complaint has been made, we find no reversible error in any of them, and the decree of the Superior Court is therefore affirmed."

We may add, we held in *Davis* v. *Davis*, 19 Ill. 334, the charge of adultery in a bill for divorce may be defeated by the recriminatory defense that the complainant in the bill had committed adultery, and furthermore that under the operation of section 10 of chapter 40 of the Revised Statutes, entitled "Divorce," a decree of divorce on the charge of adultery should not be granted a complainant shown to be guilty of the same offense. The general doctrine that recrimination may be availed of to defeat the complainant in a bill for divorce is re-asserted in *Duberstein* v. *Duberstein*, 171 Ill. 133.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*