## Henrietta Shoup v. Abraham Shoup.

1. DIVORCE—*Evidence Admissible under Bill.*—Where a bill for a divorce alleges that for the last six years prior to the separation defendant had been guilty of acts of extreme and repeated cruelty toward complainant, and specifies the nature of such cruelty, and further alleges that " for years they have tried to drive him from said farm by a systematical course of insult and injury, and on, to wit, the 1st day of June actually drove him by force from said farm," charges of cruelty in which a divorce is sought are limited to the last six years before the separation.

2. SAME—*Where Husband and Wife Have Committed Reciprocal Excesses and Outrages.*—Courts will not interfere by divorce when the husband and wife have committed reciprocal excesses and outrages.

Divorce.—Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

JESSE BLACK, JR., and JAMES A. CAMERON, attorneys for appellant.

QUINN & QUINN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
This was a suit in equity brought by Abraham Shoup against Henrietta Shoup, his wife, to obtain a divorce on the ground of extreme and repeated cruelty. The answer denied the charges. There was a jury trial and a verdict finding defendant guilty. She interposed a motion for a new trial, which was denied. A decree of divorce was entered, reserving the property rights for future determination. This is an appeal by defendant from the decree of divorce.

The parties were married in 1868, and complainant finally left his wife about May 23, 1901. Defendant claims the charges of cruelty in the bill were confined to the last six years preceding the separation, and that the court erred in admitting proof tending to show cruelty long prior to that period. The bill alleged that for

the last six years prior to the separation defendant had been guilty of acts of extreme and repeated cruelty toward complainant, and, specifying the nature of such cruelty, averred she had frequently struck, pushed, kicked, scratched, and pinched complainant, and pulled his whiskers, without just cause. Proceeding to particulars, the bill set out certain acts done on or about April 1, 1901, and other acts during the month of May, 1901; and that during the last five years defendant and their son had conspired together to harass, annoy and injure complainant and prevent him from living on the farm where he and his family resided; and that defendant had frequently stated that when complainant had paid the debts she proposed to drive him away from the farm. The bill then repeated that during the last six years defendant had frequently beaten, abused, struck, kicked and assaulted complainant without just cause, and that during the last three years she had refused to occupy his bed or cohabit with him, without any good reason. The bill then devoted considerable space to the property interests of the parties, defendant having owned the farm and complainant alleging he had put in a lifetime of labor upon it, improving it and increasing its value, and that a large number of stock and farm implements on the farm belonged to him. In that connection complainant averred that defendant and her son are in possession of the farm and personal property and are conspiring together to deprive complainant of the labor and earnings of a lifetime; and that "for years they have tried to drive him from said farm by a systematical course of insult and injury, and on, to wit, the 1st day of June actually drove him by force from said farm;" and that in equity he ought to have certain items made a charge against the land. Appellee argues the words just quoted justified him in giving in evidence to the jury acts of cruelty preceding the six years. We are of opinion the words quoted were only alleged in support of the prayer for equitable relief in relation to the property; and that the charges of cruelty on which a divorce is sought are

plainly limited by the bill to the last six years before the separation. The court did not submit the property rights to the jury, and defendant was not called upon by the bill to defend against the charge of cruelty back of the six years. Proof was introduced of several alleged acts of cruelty long prior to that time. But defendant made no objection on that ground sufficient to enable her to avail of the improper admission of that proof. Complainant was asked to state the first difficulty he and his wife had. This question was objected to as immaterial and incompetent under the pleading, and being too remote. The objection was overruled and defendant excepted. The ruling was not improper, as it did not then appear the incident called for occurred more than six years before the separation. When it afterward appeared this related to events of fifteen or sixteen years before, no motion was made to exclude the testimony, nor does any further sufficient objection appear to have been made to the proofs as to other events which happened more than six years before the separation.

But the court, in numerous instructions given at the request of complainant, told the jury the only question for them to try was whether defendant since her marriage had been guilty of extreme and repeated cruelty, and if they found she had they should return a verdict of guilty. In several of these instructions the words "as charged in the bill," or "as charged" were also inserted. But these limitations would not be likely to be understood by the jury as a direction to reject the proof already admitted of acts of cruelty more than six years before the separation. Some of the instructions contained no such qualification. One was as follows:

"If the jury believe from the greater weight of the evidence that the defendant since her marriage to the complainant and while in anger, and without any reasonable cause for so doing, has used two or more acts of physical violence toward the complainant, as explained in these instructions, the jury should find her guilty of extreme and repeated cruelty."

Another said :

" If the jury believe from the greater weight of the evidence that defendant on two or more occasions has since said marriage, without any reasonable cause for so doing, and in anger, struck the complainant and pulled his whiskers in such manner as to cause him bodily pain and suffering, then in that case defendant would be guilty of extreme and repeated cruelty."

Other instructions stated the same rule, without restricting the inquiry to the dates named in the bill. The instructions therefore permitted the jury to find defendant guilty upon the proof of acts committed long before the time specified in the bill. It is a fundamental rule in equity that a decree can not give relief which facts disclosed by the proof would warrant, where there are no averments in the bill to which the evidence can apply. (Dorn v. Geuder, 171 Ill. 362.) These instructions were therefore erroneous, even if defendant did not make proper objections to the proof. We can not know but the jury based its verdict upon the proof of transactions prior in date to the last six years that these parties lived together.

The answer not only denied the charges of cruelty contained in the bill, but also averred that complainant had been guilty of acts of extreme and repeated cruelty toward defendant; that he had frequently beaten, abused, struck, kicked, pushed and assaulted defendant without any just or reasonable cause; and it set out two specific acts of violence by complainant toward defendant, alleged to have been committed in August and September, 1900. There was proof in support of these allegations. Divorce is a remedy provided for an innocent party. When each party has committed that which is a legal ground for a divorce, and the causes are of the same statutory character, neither can obtain a divorce from the other. Courts will not interfere by divorce when husband and wife have committed reciprocal excesses and outrages. Duberstein v. Duberstein, 171 Ill. 133; Lenning v. Lenning, 176 Ill. 180.

The instructions given at the request of complainant ignored the defense thus pleaded and supported by proof.

Shoup v. Shoup.

They repeatedly told the jury that if defendant had been guilty of two or more acts of extreme and repeated cruelty to complainant they should find her guilty. Under these instructions the jury would have been required to find against defendant if she had twice been guilty of extreme and repeated cruelty to her husband, even though the proof showed he had often been much more cruel to her. These instructions should have been subject to some qualification, such as "unless the jury find it is proved by a preponderance of the evidence that complainant also was guilty of extreme and repeated cruelty to defendant as charged in the answer." Defendant is incorrect in her position that the instructions should have required defendant's guilt to be established by a clear preponderance of the evidence. A preponderance only, is required (Lenning v. Lenning, *supra*), and in that respect the instructions given were correct.

If we disregard the "shears" incident occurring fifteen or sixteen years ago as not included in the bill, and the "black eye" as having been provoked by complainant by a very indecent remark to his wife charging her with adultery with her physician (for which remark there was no warrant in the evidence), the other proof tends to the conclusion that these parties inflicted about an equal amount of injury and suffering upon each other; that these injuries were not very severe and many of the occurrences were really trivial; that their feelings were more hurt than their bodies, and that they have had numerous and painful quarrels in which each has been angry and has used to the other much profane and vile language. Much evidence was introduced on each side. It produces in our minds serious question whether any divorce ought to be granted. We are of opinion the merits ought to be tried again.

The decree is reversed and the cause remanded.