[Civ. No. 742.  Second Appellate District.—February 10, 1910.]

BERTHA JOHANSON, Appellant, v. CHARLES J. JO-
HANSON, Respondent.

DIVORCE—ADULTERY—VISIT TO BROTHEL—CIRCUMSTANTIAL EVIDENCE—
BURDEN OF PROOF—PRESUMPTION OVERCOME.—In an action for a
divorce on the ground of adultery, where the evidence was circum-
stantial, arising from a visit to a brothel, of which the party named
was an inmate, if it be assumed that from a visit to such a place
adultery is to be inferred, nevertheless the presumption arising
therefrom only casts upon the defendant the burden of explaining
the object and purpose of his visit; and when defendant made such
explanation, and satisfied the court that no adultery was ever com-
mitted with such person at any time or place, the finding of the
court for the defendant will not be disturbed.

ID.—EVIDENCE—VISITS TO OTHER BROTHELS AFTER SUIT BROUGHT.—
Evidence of visits to other brothels after suit brought could only
be admissible to show that the visit alleged was adulterous, but
where the contrary is shown, such evidence cannot establish the cause
of action, and it was not prejudicial error to exclude it.

APPEAL from a judgment of the Superior Court of Santa
Barbara County.  S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Charles F. Carrier, and W. P. Butcher, for Appellant.

W. C. Gammill, and H. C. Booth, for Respondent.

ALLEN, P. J.—This is an appeal·from a judgment upon
a bill of exceptions to review errors of law in the exclusion
of testimony.

The action was one for divorce upon the ground of adultery.
The complaint averred that defendant, on the sixteenth day
of December, 1907, in the city of Santa Barbara, at a house
numbered 820 Anacapa street, committed adultery with a
woman named Violet; that on January 15, 1908, at No. 822
Anacapa street, in said city, defendant committed adultery
with some female whose name is unknown to plaintiff; that
defendant has committed adultery at various other times
with the said female named Violet, at said house No. 820

Anacapa street, and with other females in said house and elsewhere, the particular dates of said acts of adultery being unknown to plaintiff. The complaint was filed on the sixteenth day of January, 1908. The evidence offered in support of plaintiff's complaint is entirely circumstantial, it being shown that on January 15, 1908, and at about 11 o'clock P. M., of such date, defendant in company with another man visited a brothel in the city of Santa Barbara; that at the time of such visit there was but one female inmate and the only conduct of defendant established in connection with the visit was that he was seen sitting in the reception room, wherein the inmate was playing the piano and the male companion was dancing. Were it even to be assumed that from a visit to a place of this character adultery is to be inferred, nevertheless, the presumption attaching would only cast upon defendant the burden of explaining the object and purposes of his visit. This the defendant did to the entire satisfaction of the trial court, who found that no adultery was committed by defendant as charged in the complaint. The court finds, and there is ample evidence in its support, that defendant did not commit adultery with the woman named Violet at any time or place.

Upon the trial, a witness was called who admitted that she had been an inmate of the brothel during the month of March, 1908, and she was asked by counsel for appellant whether at night after 11 o'clock, on one or more occasions during the month of March, defendant visited that house. The court sustained an objection to this question and by reason of which error is claimed, and this upon the authority of *Carpenter* v. *Carpenter*, 56 Hun, 643, 9 N. Y. Supp. 583, wherein it is held that where adultery is charged in particular houses of ill-fame evidence is admissible of visits to other houses of ill-fame to show the habits and inclinations of the defendant, and as bearing upon the probability of the evidence in support of the specific charges. It will be observed that the evidence sought to be elicited by this question related to conduct long after the commencement of the action and in no degree can the same be said to establish the commission of the offenses alleged to have been committed before the filing of the complaint. Assuming, however, such question to be admissible as tending to show the intent with

which the visit to the brothel was made at the time specified in the complaint, we do not regard the error in its rejection, if conceded to be such, as sufficiently prejudicial to warrant a reversal of the judgment. The court having found that the overt act was not committed, and the record not disclosing any circumstance or fact from which the court could have found otherwise, it is of little importance as to the intent of the visit. Had there been some evidence from which it might be reasonably inferred that his relations with the female inmate on that occasion had been of an adulterous character, the effect of the exclusion of the evidence might have been different; but in the absence of any testimony or circumstance other than the bare matter of a visit, and it being clearly shown that no offense was committed upon the occasion of such visit, it can scarcely be said that the error was prejudicial.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.