**Lucy E. Gifford, Plaintiff in Error, v. George E. Gifford, Defendant in Error.**

**Gen. No. 5228.**

1. APPEALS AND ERRORS—*when bill of exceptions as at law required in chancery.* Where a party in chancery is entitled to a trial by jury as a matter of right a bill of exceptions is essential to preserve the proceedings incident to such jury trial.

2. APPEALS AND ERRORS—*when exceptions required in chancery.* While it is the general rule that exceptions need not be taken and preserved in the trial of a chancery cause, yet exceptions should be taken to adverse rulings in a chancery cause tried by a jury where the trial by jury is a matter of right by statute.

3. DISMISSAL—*when complainant not entitled to, without prejudice.* Where a trial by jury is a statutory right conferred in a chancery cause, after verdict the complainant is not entitled to dismiss his bill without prejudice.

Divorce. Error to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

O. F. MORGAN and BENJAMIN F. HARRINGTON, for plaintiff in error.

ALDRICH & WORCESTER and STEPHEN C. MALO, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

June 4, 1908, plaintiff in error filed her bill in the Circuit Court of Iroquois county alleging that she was married to defendant in error April 14, 1906, and that they lived together until about October 10, 1906, and charging defendant in error with extreme and repeated cruelty since their marriage, with habitual drunkenness for a period of more than two years prior to filing the bill, and with adultery with one Minnie Henning, and with divers other lewd women whose names were to the plaintiff unknown, and praying for a divorce and other relief. After some preliminary proceedings defendant in error answered the bill, denying the charges of cruelty, drunkenness and adultery. Three issues were submitted to a jury, viz: (1) Has the defendant, George E. Gifford, since his marriage to the complainant, Lucy E. Gifford, and prior to filing her bill, committed adultery? (2) Has the defendant, George E. Gifford, been guilty of habitual drunkenness for the space of two years or over since his marriage to the complainant, and before the filing of the bill in this case? (3) Has the defendant, George E. Gifford, been guilty of extreme and repeated cruelty towards complainant, Lucy E. Gifford, since his intermarriage with her and prior to the filing of her bill of complaint in this cause? The verdict of the jury was that defendant in error had not committed adultery, and was not guilty of habitual drunkenness, or extreme and repeated cruelty towards plaintiff in error. A motion for a new trial was denied, and thereafter plaintiff in error moved the court for leave to dismiss her bill without prejudice, which motion was denied. Judgment for costs was entered against plaintiff in error, the bill was dismissed for want of equity and this writ of error was sued out to review the decree.

It is claimed by plaintiff in error that defendant in error's fifth instruction told the jury that plaintiff in error had alleged specific instances of adultery in

her bill, and that to support those allegations she must establish by a preponderance of the evidence that defendant in error had been guilty of some one of the specific instances of adultery so charged, otherwise it would be their duty to find for defendant in error on the issue of adultery. This, plaintiff in error contends, excluded from the consideration of the jury, much material matter alleged in the bill that might and could have been considered by the jury under the issues submitted, on the charge of adultery; although it is not asserted by counsel in support of the contention, that there was any evidence tending to sustain the general charge of adultery. To this contention, there are several sufficient answers. First, no bill of exceptions or certificate of evidence was taken. The record discloses that the clerk of the trial court copied into the record this and other instructions, and attempted to certify what instructions were given and what refused. While it is generally true that in a chancery proceeding, pleadings and other papers filed become a part of the record without a certificate of evidence, that rule relates only to causes proceeding according to the regular course of chancery practice. "The Revised Statutes (chap. 40, sec. 7) provide that 'either party shall have the right to have the cause tried by a jury.' When the case is tried by a jury the trial has all the incidents of a trial at common law, and the verdict is not merely advisory to the court, but has the same force and effect of a verdict at common law." Lenning v. Lenning, 176 Ill. 180; Razor v. Razor, 42 Ill. App. 504; Meeker v. Meeker, 75 Ill. 260; Whipple v. Eddy, 161 id. 114; Biggerstaff v. Biggerstaff, 180 id. 407; 7 Ency. Pl. & Pr. 120. "Where the court has submitted certain issues to the jury in accordance with the chancery practice the verdict is not conclusive as in an action at law, but merely advisory, and the court may enter a decree in opposition to the verdict. But where a jury trial is made a matter of

right by statute, the verdict has the same effect as at law, and the court must render a judgment in conformity with it, or, if not satisfactory, may grant a new trial.'' 7 Ency. Pl. & Prac. 120, citing Richmond v. Richmond, 10 Yerg. (Tenn.) 343; Carpenter v. Carpenter, 9 N. Y. Supp. 583; Poertner v. Poertner, 66 Wis. 644. It is obvious that it would lead to strange results and complications to hold that a clerk, without a bill of exceptions or certificate of evidence, might certify in the record of a trial of a cause before a jury what instructions the court gave and what the court refused. To illustrate: Suppose that an instruction appeared to have been modified by interlineations. Some of the interlineations may have been made by counsel who tendered it, and some by the trial judge; or all may have been made by counsel or by the trial judge. Clearly the clerk has not the authority to certify what interlineations were made by the trial judge and what were made by counsel. We think it manifest that a certificate or bill of exceptions was essential to preserve the instructions for our consideration, and that for want of such a bill of exceptions, they are not before us. Second, while it is the general rule that exceptions need not be taken and preserved in the trial of a chancery cause, we are of the opinion that exceptions should be taken to adverse rulings in a chancery cause tried by a jury where the trial by jury is a matter of right by statute. This record does not show that plaintiff in error excepted to this instruction or to any other instructions which she criticises. We are of the opinion that even if the instructions were in a certificate of evidence or a bill of exceptions, yet for want of an exception, plaintiff in error could not be heard here to question the ruling of the lower court thereon. Third, the evidence has not been preserved. It may be that there was no evidence supporting the general charge of adultery at unknown times and places, either with Minnie Henning or with

unknown women. We must assume, in support of the
court's ruling, in the absence of a bill of exceptions or
certificate of evidence, that the only evidence on the
subject of adultery related to the adultery charged
with Minnie Henning at the time and place specifically
named in the bill. If such were the conditions of the
evidence, the instruction was unquestionably right.

The only question presented by this record for our
consideration, is, did the court err in denying plaint-
iff's motion for leave to dismiss her bill without prej-
udice after a verdict had been returned and a motion
for a new trial made and denied?

Plaintiff in error in support of her contention that
such ruling was erroneous, relies upon section 6, chap-
ter 40 Hurd's R. S. 1908, which provides that the prac-
tice in divorce cases shall be the same as in other cases
in chancery except as otherwise provided, and the gen-
eral rule of chancery practice, that only the filing of a
cross-bill will take from a complainant the right to dis-
miss her bill without prejudice. In none of the numer-
ous cases cited in support of the latter contention was
there a verdict of a jury either on an issue out of
chancery, which would be only advisory, or under the
statute granting the right of trial by jury.

In the case at bar, the trial by a jury was a statu-
tory right and had all the incidents of a trial at com-
mon law, and the verdict, when obtained, had the qual-
ities of a verdict at common law. Lenning v. Lenning,
*supra.* Had the court granted the motion to dismiss
without prejudice it would have been equivalent to
permitting plaintiff in error to suffer a non-suit. Sec-
tion 70 of the Practice Act, Hurd's R. S. 1908, pro-
vides that every person desirous of suffering a non-
suit shall be barred therefrom, unless he do so before
the jury retire from the bar. In this case leave was
not asked before the jury retired to consider their

verdict and we hold that the application to dismiss without prejudice was made too late, and that there was no error in the order denying the motion. The decree is therefore affirmed.

*Affirmed.*