[Civ. No. 3469. First Appellate District, Division Two.—July 27, 1920.]

ALBERT L. BENNETT, Appellant, v. EMMA T. BEN-NETT, Respondent.

[1] DIVORCE—CRUELTY—DESERTION—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In an action for divorce upon the grounds of extreme cruelty and desertion, findings by the trial court that the defendant did not falsely accuse plaintiff of associating with women or falsely accuse him of being guilty of infidelity, that the other alleged acts of cruelty by the defendant were not committed by her, and that she did not desert the plaintiff, where based upon conflicting evidence, must stand undisturbed by the appellate court and warrant a denial of the prayer of the plaintiff for a dissolution of the bonds of matrimony between himself and the defendant.

[2] ID.—IMPROPER CONDUCT BY HUSBAND—IMMUNITY FROM CRITICISM. A man may not by a course of improper conduct oft repeated arouse the suspicion and jealousy of his wife and humiliate her by his attentions to other women and by receiving love letters from such other women, and then claim immunity from criticism and reproach.

[3] ID.—CONDONATION—SUBSEQUENT REVOCATION OF.—While a wife may condone such and other offenses by the husband, by resuming marital relations with him, such condonation is revoked as to all previous actions when the husband deserts her, without cause, thus giving her another cause of divorce.

[4] ID.—ADULTERY—EVIDENCE—REBUTTAL OF PRESUMPTION.—While the charge of adultery is difficult of proof and circumstances may be sufficient to justify an inference of guilt, even under circumstances most strongly warranting such inference, the accused may rebut the same by an explanation of the purpose of his presence at the suspicious time and place.

[5] ID.—UNWARRANTED FINDING OF ADULTERY—SUFFICIENCY OF OTHER FINDINGS—EVIDENCE—JUDGMENT.—In this action for divorce, in which the defendant sought a decree of separate maintenance, although under the circumstances in evidence the finding of the trial court that the plaintiff was guilty of adultery with the co-respondent named in the defendant's cross-complaint was unwar-

1. On charges of adultery as ground for divorce, notes, 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360.

3. Condonation as a defense to divorce action, notes, Ann Cas. 1912C, 3; Ann. Cas. 1918A, 651.

ranted, that finding was unrelated to the other findings of the trial court as to the charges of cruelty and desertion which were amply sustained by the evidence and which were sufficient to sustain the judgment in favor of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ben F. Gray and Geo. S. Hupp for Appellant.

Ford & Bodkin for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment denying him a divorce from the defendant and granting to said defendant a decree of separate maintenance from the plaintiff and an allowance for her support and the support of her minor child.

Plaintiff filed an action for divorce from the defendant upon the ground of extreme cruelty and also upon the ground of desertion. The specific acts of cruelty alleged included accusations, in public and private, of improper relations with various women and reproaches and threats based thereon. Defendant filed an answer, specifically denying the alleged acts of cruelty and also the desertion, and also filed a cross-complaint wherein she alleged desertion by the plaintiff and also alleged, upon information and belief, that the plaintiff had committed adultery with a young woman named as corespondent in this action, and also alleged that the plaintiff had treated the defendant in a cruel and inhuman manner—the specific acts of cruelty alleged being plaintiff's attendance at the theater and other places of amusement with women whose names were unknown to the defendant, and also plaintiff's conduct in riding in an automobile with the woman named as corespondent herein, and against whom the adultery charge is made. Defendant prayed for a decree of separate maintenance. To this cross-complaint, plaintiff filed an answer denying the desertion.

[1] The court found that the defendant did not "falsely accuse plaintiff of associating with women or falsely accuse him of being guilty of infidelity." Appellant's argu-

ment upon this question is that the record contains positive proof that the defendant did accuse the plaintiff of improper relations with women. We have read through the voluminous record with much care and while it is true that the testimony clearly shows that the defendant did make such accusations at different times, it appears with equal clearness that the plaintiff's conduct over a long period of years presented a series of episodes abundantly warranting defendant's suspicions, protests, and accusations. The trial court did not find, as stated by the appellant, that the accusations alleged were never made by defendant; but found that the accusations were not "falsely" made by the defendant. The appellant's argument upon this point amounts to a contention that if a man indulges in numerous improper relations with various women, it is inconsiderate and indelicate upon the part of his wife to mention the matter to him.

The court also found that the other alleged acts of cruelty by the defendant were not committed by her; and also found that the defendant did not desert the plaintiff. These findings, based as they are upon conflicting evidence, must stand undisturbed by us and warrant a denial of the prayer of the plaintiff for a dissolution of the bonds of matrimony between himself and the defendant. The court also found that the plaintiff did, without cause, desert the defendant.

The appellant maintains his right to leave the defendant because of her accusations and threats against him, which he asserts rendered his condition intolerable. While such accusations and threats might have justified him in leaving her if they had been unfounded, and due to no fault upon the part of the plaintiff, in the light of the present record, the initial fault was with the plaintiff, and the testimony clearly warrants the inference by the trial court that if his conduct had been more conventional, he would not have been subjected to reproaches and accusations. [2] It certainly cannot be successfully maintained that a man may by a course of improper conduct oft repeated arouse the suspicion and jealousy of his wife and humiliate her by attentions to other women and by receiving love letters from such other women, and then claim immunity from criticism and reproach. The letter appearing in the record

received by the husband from a woman in Buffalo years before this action was commenced is eloquent upon the proposition that his conduct was highly improper, to say the least, and was such as to warrant accusations and reproaches by his wife. [3] While the wife may have condoned this and numerous other offenses which the court was justified in finding from the record, by resuming marital relations with the appellant at Salt Lake City, nevertheless the condonation was revoked as to all previous actions when the husband deserted the wife, without cause, as found by the court, thus giving her another cause of divorce. (Civ. Code, sec. 121:)

Upon the finding which we have heretofore discussed, the decree of the trial court was warranted, and we may not interfere therewith. There is an additional finding to the effect that the plaintiff was guilty of adultery with the corespondent named herein. This finding is attacked by the appellant as being unwarranted. The evidence bearing upon this matter is uncontradicted in the record and at most shows merely an opportunity for such action. There are no circumstances in evidence regarding the general conduct of the plaintiff and the corespondent toward each other, nor regarding the disposition of the corespondent which would afford a basis for the belief that given the opportunity, the parties would indulge in illegal relations. [4] It is true that the charge here made is difficult of proof and that circumstances may be sufficient to justify an inference of adultery; but it is also true that even under circumstances most strongly warranting the inference, the defendant may rebut the same by an explanation of the purpose of his presence at the suspicious time and place. (*Johanson* v. *Johanson,* 12 Cal. App. 635, [108 Pac. 55].) In the present action, the court found that adultery had been committed at the apartment of the corespondent. The testimony regarding the incident upon which the finding was made was that the plaintiff and corespondent had been riding in his automobile. They were followed by two detectives and his wife and daughter. At about 10 o'clock in the evening, they drove to the apartment of the corespondent. The automobile was left outside and the occupants went into the apartment, consisting of one room and kitchenette. After a short time, from twenty

to forty minutes according to the various witnesses, the detectives knocked on the door, which was opened by the corespondent. The wife and daughter and the detectives then entered the room and found the plaintiff fully attired seated at the table. The corespondent was also fully dressed, and there was nothing about the appearance of either to contradict their explanation which was that they had spent the short time while they were in the apartment in talking about his affairs and in looking at pictures which had been sent to her by her husband in France. [5] Under the circumstances in evidence here, we think this finding regarding the adultery of the plaintiff and of the corespondent is one unwarranted by the evidence. It is, however, unrelated to the other findings which are amply sustained by the evidence and which are sufficient to sustain the judgment. Upon the findings and evidence regarding the plaintiff's desertion of the defendant the judgment must be sustained.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.