LILLIAN B. GELBMAN, Appellant, *v.* PHILIP GELBMAN, Respondent.

First Department, December 3, 1920.

**Husband and wife — divorce — adultery with mother-in-law — evidence not inherently improbable — affirmative finding that adultery not committed constituted error.**

In an action for divorce based on the adultery of the defendant with his mother-in-law, the plaintiff's mother, the evidence given by the son of the corespondent to the fact of adultery is not so inherently improbable as to be beyond belief.

It was error for the court affirmatively to find that the defendant did not commit the adultery as charged in the complaint, since there was direct testimony to the adultery and there was no denial under oath by either the defendant or corespondent.

DOWLING, J., dissents.

APPEAL by the plaintiff, Lillian B. Gelbman, from a judgment of the Supreme Court in favor of the defendant, entered

in the office of the clerk of the county of Bronx on the 18th day of February, 1920, upon the decision of the court rendered after a trial at the Bronx Special Term dismissing the complaint at the close of plaintiff's case.

*Alexander Wolf* of counsel [*Wolf & Falk,* attorneys], for the appellant.

*Maximillian L. Blek,* for the respondent.

CLARKE, P. J.:

This is an action brought by a wife against her husband for absolute divorce upon the ground of adultery. The complaint alleges that the act was committed with one Sarah Silver. The defendant interposed a general denial in an unverified answer. The alleged corespondent did not appear or answer. Upon the trial the brother of the plaintiff testified that at the time set forth in the complaint he resided at the house indicated with his sister, the plaintiff, her son, her husband and his mother, who was the corespondent, and gave direct testimony which if believed established the cause of action sued upon, namely, adultery committed by his brother-in-law, the defendant, with his mother-in-law, the mother of the witness.

He further testified that he had not told the plaintiff of what he had seen " until lately." The learned trial judge at the close of the plaintiff's case granted defendant's motion to dismiss the complaint, saying: " This is the most shocking situation that has ever confronted me. Of anything I have heard of or read of.   *   *   *   I will dismiss the complaint on the ground that the testimony is so inherently improbable as to be beyond belief." Thereafter he signed a decision in which he found as a fact, without any evidence in support thereof, that " the defendant did not commit adultery as charged in the complaint," and as conclusions of law: " 1. That the testimony offered to support the allegation of adultery during the months of June, July and August, 1915, as set forth in the complaint is so inherently improbable as to be beyond belief. 2. That upon the evidence, the plaintiff has failed to prove facts sufficient to make out a *prima facie* case for absolute divorce. 3. That the defendant is entitled

to judgment dismissing the plaintiff's complaint without costs."

We sympathize with the indignation expressed and understand the shock to the court's sensibilities caused by such evidence given by a son against his mother. We do not agree, however, in view of the frailties and viciousness of mankind that such conduct is impossible or that evidence thereof is so inherently improbable as to be beyond belief. There was no denial under oath by either defendant or corespondent. It was error to affirmatively find as a fact that the defendant did not commit the adultery as charged in the complaint.

We think the motion at the close of the plaintiff's case should have been denied and the defendant put to his proof. The findings and judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

SMITH, PAGE and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Judgment reversed and new trial ordered, with costs to appellant to abide event.