VICTOR VARTLING, Appellant, *v.* CLARA VARTLING, Respondent.

First Department, April 4, 1924.

**Husband and wife — divorce — action by husband undefended — wife lived separately from husband for several years — error to dismiss complaint on ground of immorality of plaintiff's witnesses who swore to acts of adultery.**

In an undefended divorce action by a husband it was error for the court to dismiss the complaint on the ground that the two witnesses for the plaintiff, one of whom swore to the commission of adultery with the defendant, were immoral, where it appears that the wife was living apart from her husband at the time that the alleged adultery was committed and had been living apart from him for several years.

DOWLING, J., dissents.

APPEAL by the plaintiff, Victor Vartling, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1923, denying his application for judgment and dismissing the complaint.

*Charles Novello,* for the appellant.

No appearance for the respondent.

SMITH, J.:

The defendant made default. The action is for divorce on the ground of adultery. The order was served by publication. The plaintiff sustained his action by the evidence of two witnesses. One of them swore that he had committed adultery with the defendant, and the other that he had been present at an apartment where adultery had been committed with the defendant. The court refused to render judgment upon that evidence, because of the immorality of the plaintiff's witnesses. There are two significant facts connected with it. One is that the defendant was living apart from her husband at the time that this adultery is sworn to have been committed, and the other is that one of the witnesses saw the defendant upon the street and swore that she had been for six or seven years in Panama, while the plaintiff had been in New York.

With the parties living separate and apart from each other, with a child whose custody has been awarded to the plaintiff, we are of opinion that the trial court ought not to say that the immorality of the plaintiff's witnesses was such that he would not grant the divorce. In the case of *Gelbman* v. *Gelbman* (194 App. Div. 137) it was charged that the defendant had committed adultery with

the mother of his wife; at the trial the brother of the wife testified to the adultery of his mother; at the conclusion of the case the court remarked: " This is the most shocking situation that has ever confronted me. Of anything I have ever heard of or read of. * * * I will dismiss the complaint on the ground that the testimony is so inherently improbable as to be beyond belief." The court's opinion in reversing, states: " We sympathize with the indignation expressed, and understand the shock to the court's sensibilities caused by such evidence given by a son against his mother. We do not agree, however, in view of the frailties and viciousness of mankind, that such conduct is impossible or that evidence thereof is so inherently improbable as to be beyond belief."

The order should be reversed, and as the evidence is undisputed, judgment should be directed for the plaintiff.

CLARKE, P. J., MERRELL and McAVOY, JJ., concur; DOWLING, J., dissents.

Order reversed and judgment directed for plaintiff. Settle order on notice.