ALMA M. DAVIS, Appellant, v. SEWARD DAVIS, Respondent.— Judgment reversed on the law and facts, with costs, and a new trial granted. Memorandum. The weight of the evidence in this case indicates that an improper intimacy existed between the defendant and the corespondent prior to, at the time of, and after the marriage of the parties. The evidence also indicates that the defendant and the corespondent had the lascivious desire, the inclination and the opportunity for illicit intercourse. Many of the lascivious acts referred to in the evidence are alleged to have occurred in the presence of the corespondent's grown daughter who was not called as a witness on the trial, nor was the corespondent, who was brought to the trial by the defendant, called as a witness. Upon this evidence, not substantially contradicted, the trial court might safely have granted a decree of absolute divorce. The learned trial court reached the conclusion that the plaintiff's witnesses displayed such personal antagonism and enmity towards the corespondent that their testimony as to some of the circumstances was utterly unworthy of belief. We find no basis for such a conclusion in the evidence. The fact that the trier of the fact has seen the witnesses is not always controlling, especially where the evidence indicates that the witnesses had no enmity in fact. (*Cullen* v. *Cullen*, 205 App. Div. 276.) That depraved persons are capable of the commission of shocking and lascivious conduct in the presence of others is no novelty to the courts. (*Gelbman* v. *Gelbman*, 194 App. Div. 137.) Testimony as to previous intimacy, renewed after marriage, should not be limited to showing acquaintance merely. Such testimony is vital on the issue of adultery. (*Van Epps* v. *Van Epps*, 6 Barb. 320, 321; *Jacobstein* v. *Jacobstein*, 201 N. Y. Supp. 1; affd., 209 App. Div. 846; affd., 240 N. Y. 693.) The oblivion rule, in such case, does not apply. (*Mott* v. *Mott*, 3 App. Div. 532; *Roth* v. *Roth*, 90 id. 87.) The court erred materially in ruling that the plaintiff could not cross-examine the defendant on the subject of support. Such evidence would have been competent as tending to prove the unfaithfulness of the defendant to his marriage vows. (*Carpenter* v. *Carpenter*, 9 N. Y. Supp. 583; 56 Hun, 643.) Under all the circumstances, we think the ends of justice will best be served by granting a new trial. All concur. (The judgment dismisses the complaint in an action for absolute divorce.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

ANN WEIDENBORNER, Respondent, v. ANNA MUELLER and FRANK MUELLER, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.