McBride judge
delivered the opinion of the court.
Martin M. Nagel brought his petition for a divorce in the Clinton -circuit court, against his wife Parthena Nagel, in which he charges her with adultery and cruel treatment.
The defendant filed her answer denying the charges made against her in the petition, and makes her answer a cross-bill against the plaintiff, -charging him with cruelty and inhuman conduet toward her, and prays for a divorce from her husband.
The cause was heard by the court on the bill, answer and proofs, and the court decreed against the wife. She then moved for a new trial, which having been refused, she excepted and has brought the case to this court by appeal.
The bill of exceptions states that “ it is admitted that the evidence sustained the plaintiff’s allegations of adultery and also the defendant’s allegation of cruel and inhuman treatment, and of such indignities towards the person of the defendant as rendered her condition intolerable.”
The facts found by the court for each of the parties, are,'under our statute, causes for a divorce; but each party having been found guilty of a breach of their marriage contract, the question arises whether a decree should be rendered for either or both of them.
This question must be decided upon our statute, which embraces and regulates the whole subject, as was stated by this court in the case of Ryan vs. Ryan, 9 Mo. R. 539. The finding of the circuit court, in that case, was similar to the finding in this case; for there the court found the defendant had been addicted to habitual drunkenness for the space of two years and more, and that the complainant had been guilty of adultery; and thereupon dismissed the bill of the complainant. This court sustained the judgment of the circuit court.
The first section of our statute regulating the subject of divorces, R. C. 1845, p. 426, enumerates the several causes for which a divorce may *55 be obtained : amongst others that of adultery is named, as also, cruel and inhuman conduct, and declares that, for the commission of any of the acts specified, the injured and innocent party may obtain a divorce from the bonds of matrimony.
It is insisted that the terms injured and innocent party as used in the first section, were employed on account of the peculiar phraseology of that section, to designate which of the parties were entitled to a divorce. But the same terms occur in the third section, which provides for the filing of the answer to the bill, and authorizes the defendant to set forth and charge in the answer, that the complainant has been guilty of some of the acts specified in the first section, and pray the court for such cause to grant a divorce to said defendant, and upon the hearing “ if the court shall be satisfied that the defendant is the injured party, the court shall enter a decree divorcing the said defendant from the said complainant, as prayed in the answer.” And by the 8th section, it is provided that in all cases of divorce from the bonds of matrimony, the “guilty party'" shall forfeit all rights and claims, under and by virtue of the marriage, nor shall the guilty party be allowed to marry again by reason of the divorce, under five years thereafter, unless otherwise expressed in the decree of the court; and in all cases of exparte proceedings, the court shall, before it grants a divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party.
Thus it is seen that a party applying for a divorce must show that he or she is the innocent and injured party; otherwise the court should not grant the divorce. And the principle seems to pervade all the sections on this branch of the subject, except the seventh.
By the seventh section it is enacted that “if it shall appear to the court that the adultery or other injury or offence complained of, shall have been occasioned by the collusion of the parties, or done with the intention of procuring a divorce, or that the complainant was consenting thereto, or that both parties have been guilty of adultery, then no divorce shall be decreed.”
Why the draftsman of this section should have used language in the forepart of this section sufficiently comprehensive to embrace all causes of divorce specified in the first section, and then conclude by restricting the prohibition to adultery alone, it is difficult to conceive. Any and all the other causes enumerated in the first section of the act, are equally effective in entitling a party complaining, to obtain a divorce. It cannot, with reference to the rights of the injured party, be said that *56 ■adultery is a more heinous offence, or one of greater moral turpitude, than others enumerated in the act, for the effect of each is the same, as they severally entitle the party injured to a divorce.
We have examined the history of ■ this law in our State and find that the first act was passed in the year 1807; then a supplemental act passed in 1817; neither of which contain the provision under consideration; but a discretion was given to the courts to hear all applications under the act, and to determine the same as to law and justice shall appertain, by either dismissing the petition or libel, or sentencing and decreeing a divorce. In the revision of 1S25, p. 330, the provisions of the 7th sec. of the act of 1845 was first introduced into the statute of this State. At that time the causes which would entitle a party to a divorce, were impotenc3r, a previous existing marriage, adultery and desertion. The provision at that time could only operate practically upon two of the causes of divorce, to-wit, adultery and desertion. If, therefore, both parties have been guilty of adultery, no divorce should be granted, and if the desertion complained of is collusive or done with the intention of procuring a divorce, or the complainant consented thereto, then no divorce should be granted. So that where both parties are guilty either in fact or in contemplation of law, no divorce is to be granted. Subsequent to the revision of 1825, other causes of divorce have been created'by statutory enactment, until in 1845 we find no less than nine distinct causes set out in the statute, for which a divorce may be granted; and still the fourth section of the act of 1825 is retained in the very language in which it was first incorporated in the law.
Now it is contended that the express permission of the legislature to recriminate one offence (as in the seventh section) is an exclusion of the right to recriminate any other. We feel the force of this difficulty in the case, and yet we must make it an exception to the general rule laid down, or sacrifice to its operation what we consider to be a principle pervading the whole act. The whole act evidently contemplates the innocence of the party obtaining a divorce. With what propriety could the court divorce a husband from his wife because of desertion on her part, when she had been driven to abandon her home because of the cruel and barbarous treatment of the husband ? Or how shall the court determine which is the innocent and injured party where the evidence establishes the fact that the wife has been addicted to habitual drunkenness for the space of two years and that the husband has been guilty of adultery? Which party has a right to appeal to the court to *57 set aside and vacate the marriage contract, when both have been guilty of a breach thereof?
If A brings a bill for a divorce against B and on the trial it should be established by evidence that A was the guilty party, the court would not grant A the divorce prayed for. Here the husband brought his bill for a divorce, and the wife makes her answer a cross-bill against the husband, and the court find, upon the hearing of the two complaints, that both parties are guilty; which then is the innocent and injured party, and entitled under the statute to a divorce ?
Upon consideration of the whole statute, we are of opinion, that where both parties are found guilty of any of the enumerated offences for which a divorce may be granted, the court should dismiss the bill.
The judgment of the circuit court will therefore be reversed and the bill dismissed.