TYLER F. CLAPP *vs.* AZILLA A. CLAPP.

On the trial of a libel for divorce, if it appears that the husband since the marriage sought to be dissolved married another woman and occupied the same house and bed with her for several days, that is sufficient evidence to prove his adultery; and this court will not hear the testimony of the second wife and of a physician, offered to prove that he did not and could not have sexual connection with her.

A husband cannot maintain a libel for divorce from the bond of matrimony, for his wife's adultery and desertion, if it appears that during the five years of her desertion he himself committed adultery.

LIBEL for divorce from the bond of matrimony for desertion and adultery. The case was reserved by *Gray*, J., upon the following report, for determination by the full court whether the evidence introduced and offered would warrant a decree of divorce.

" At the hearing it appeared that the parties were married on October 13, 1855; that on April 5, 1860, the respondent deserted the libellant and continued such desertion ever since; that the libellant on April 25, 1864, married another woman, and occupied the same house and bed with her for a few days, at the end of which they separated, and have not since occupied the same bed; and that the respondent, both before and after the second marriage of the libellant, committed the crime of adultery. The libellant testified that he believed at the time of the second marriage that he had a right to marry again, by reason of his first wife's having deserted him; that he never had carnal connection with the second wife; and that they ceased to occupy the same bed immediately on his discovering, a few days after the second marriage, that he had no lawful right to contract it. The libellant also offered the testimony of the second wife, and of a physician, to show that he did not and could not have carnal connection with her."

*H. J. Fuller*, for the libellant. The respondent cannot recriminate the offence proved by the libellant, unless by an offence of the same kind. *Hall* v. *Hall*, 4 Allen, 39, and authorities there cited for the libellee. *Conant* v. *Conant*, 10 Cal. 249.

In England cruelty could not formerly be set up in bar of di-vorce for adultery. *Eldred* v. *Eldred*, 2 Curt. Eccl. 376. *Dillon* v. *Dillon*, 3 Curt. Eccl. 86. *Forster* v. *Forster*, 1 Hagg. Con. 144. 2 Bish. Mar. & Div. (4th ed.) §§ 85 – 87. The offence relied on for recrimination must be shown by the same amount of evidence as would sustain the libel. *Turton* v. *Turton*, 3 Hagg. Eccl. 338, 350. *Sopwith* v. *Sopwith*, 2 Swab. & Trist. 160, 164. 2 Bish. Mar. & Div. § 89. Bigamy is not an answer to a charge either of desertion or of adultery. *Reemie* v. *Reemie*, 4 Mass. 586. *Wilson* v. *Wilson*, Wright, 128. 2 Bish. Mar. & Div. §§ 628, 639.

There was no appearance for the libellee.

CHAPMAN, J.    The libellant seeks to obtain a divorce from his wife on the ground that she deserted him on the 5th of April, 1860, and continued the desertion for five years and more. She proves in defence, that before the lapse of the five years, namely, on the 25th of April, 1864, the libellant married another woman, and occupied the same house and bed with her for several days. This is sufficient evidence to prove adultery on his part.

1. He replies to this evidence, that his adultery is no de-fence, because her offence is of a different character ; and he contends that she cannot recriminate his *delictum* unless it is an offence of the same kind, and not of a different character. Some authorities are cited to sustain this point. But the offence of each of them was of such a character as would by our statutes entitle the other party, if not in fault, to a divorce from the bonds of matrimony. In that respect, the offences were alike. The court had occasion to consider the validity of such a defence in *Hall* v. *Hall*, 4 Allen, 39. It was there held that where a wife has deserted a husband for a period of five years, so that he would be entitled to a divorce against her on that ground, she cannot maintain a libel against him on the ground of his adultery after the lapse of the five years ; but she may maintain it if he has committed adultery within the five years and before her offence is complete. This doctrine stands on the obviously just ground stated in *Hope* v. *Hope*, 1 Swab. & Trist. 107, where it is said that " a party guilty of a breach of the

marriage vow should not have the assistance of the court to enforce any marital right." At the time when the libellant committed his offence, a *locus penitentiæ* remained to the wife, and she might have returned to him. His offence justified her in never returning.

2. He further replies to this defence by offering his own testimony that, though he married another woman, he did it under a mistake as to his legal rights, and, though he occupied the same bed with her for a few nights, he did not commit adultery. His mistake of the law cannot avail him; and we do not think he has a right to require the court to enter into an investigation of such particulars of his conduct as he proposes. At best, it would be an exposure of himself and his proceedings which decency and good morals would require the court to suppress as far as possible; and we do not think he has a right to inflict it upon anybody for the sake of enabling him to obtain a divorce from his wife. *Libel dismissed.*