### SIMEON H. HANDY *vs.* MARY F. HANDY.

Barnstable.   Jan. 22. — May 3, 1878.   ENDICOTT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 107, § 6, a husband cannot maintain a libel for divorce against his wife for her adultery, committed after his sentence to imprisonment at hard labor in the state prison for a term of five years or more.

LIBEL for divorce from the bond of matrimony, alleging that adultery was committed by the libellee on January 1, 1875, with John Pettigrew, and that the libellee and Pettigrew had lived together as man and wife from that date to the date of filing the libel, March 14, 1877.

At the hearing, before *Endicott*, J., it appeared that the parties were married on October 29, 1863, at Mashpee in this Commonwealth, and lived together as husband and wife until 1866, when the libellant was convicted of breaking and entering, and · stealing, and was sentenced to imprisonment at hard labor in the state prison in this Commonwealth for the period of thirteen years ; and that in 1875 he was pardoned out of prison, for good behavior, before the expiration of his sentence ; that while he was confined in prison he furnished no support to his wife ; and that on January 1, 1875, she was in form married to John Pettigrew, and lived with him in New Bedford as his wife.

Upon these facts, the judge ruled that the libel could not be maintained for adultery committed by the libellee after the conviction and sentence of the libellant; and upon this ground alone ordered the libel to be dismissed. The libellant alleged exceptions.

*J. M. Day*, for the libellant.

No counsel appeared for the libellee.

GRAY, C. J. By the Gen. Sts. *c.* 107, § 6, a sentence to imprisonment at hard labor in the state prison for five years or more is classed with adultery and other causes which are grounds for a divorce from the bond of matrimony. A person who has been so sentenced has been guilty of an offence of the same class and degree, under our divorce act, as one who has committed adultery. As soon as the libellant had been so sentenced, the right of his wife to apply for an absolute divorce was complete. It was therefore rightly ruled that he was not entitled to a divorce for her subsequent adultery. *Hall* v. *Hall*, 4 Allen, 39. *Clapp* v. *Clapp*, 97 Mass. 531. *Nagel* v. *Nagel*, 12 Misso. 53. *Conant* v. *Conant*, 10 Cal. 249. *Adams* v. *Adams*, 2 C. E. Green, 324, 328. See also *Yeatman* v. *Yeatman*, L. R. 1 P. & D. 489; *Lempriere* v. *Lempriere*, L. R. 1 P. & D. 569.

*Exceptions overruled.*