WILLIAM P. CHURCH *vs.* CAROLINE E. CHURCH.

16   667
18   459

A divorce will not be granted when the petitioner proves the respondent to have been guilty of one of the statutory offences for which divorces are allowed, and is himself proven by the respondent to have been guilty of another of these offences.

PETITION FOR DIVORCE.

*January* 13, 1890. TILLINGHAST, J. We are satisfied from the evidence adduced in this case that the respondent has been guilty of adultery as charged in the petition. We are also satisfied that the petitioner has, as is alleged in the recriminatory answer filed by the respondent, been guilty of extreme cruelty to the respondent, by profane and insulting language habitually used towards her, and by abusive physical violence upon her. In these circumstances should the petition be granted ?

The English rule, prior to the passage of Stat. 20 & 21 Vict. cap. 85, § 31, doubtless was, that cruelty could not be pleaded in bar to a charge of adultery. *Harris* v. *Harris*, 2 Hag. Ecc. 376; *Cocksedge* v. *Cocksedge*, 1 Rob. Ecc. 90 ; *Eldred* v. *Eldred*, 2 Curt. Ecc. 376. But this was at a time when there were no judicial dissolutions of valid marriages, and divorces from bed and board were only for the two causes of adultery and cruelty. Now, by virtue of the statute referred to, the Divorce and Matrimonial Court has a discretionary power to allow or disallow the recriminatory defence of cruelty in cases where the petitioner proves adultery. *Pearman* v. *Pearman*, 1 Swab. & Tr. 601, 602. Ordinarily, however, it seems that, even under this statute, a divorce from the bond of matrimony for adultery will not be granted where the party complaining has been guilty of the less offence of cruelty. *Ratcliff* v. *Ratcliff*, 1 Swab. & Tr. 467–473 ; 2 Bishop on Marriage and Divorce, § 82.

In this country, while the decisions are not entirely in harmony as to the doctrine of recrimination, we think the decided weight of authority is to the effect that the court cannot distinguish between different matrimonial offences to which the law attaches the same consequence. Says Bishop, Marriage and Divorce, vol. 2, § 87: " The matrimonial relation is one of mutual dependence and duty ; and it would seem to be within all legal analogies, and

all sound canons of morality, to refuse to hear a plaintiff complaining of the defendant's infraction of one of the links of this common chain when he had equally broken another.  Moreover, the law is for the assistance of those who obey it, not those who violate it; and when two parties are both in the same wrong, the court helps neither."  See, also, § 93 of the same volume.

In this State the statute has specified certain acts which shall constitute grounds of divorce, amongst which is extreme cruelty, and, so far as the matrimonial contract is concerned, we do not think the court can distinguish between them, whatever difference there may be in a moral point of view.  See *Conant* v. *Conant,* 10 Cal. 249 ; *Nagel* v. *Nagel,* 12 Mo. 53; *Christianberry* v. *Christianberry,* 3 Blackf. 202; *Mattox* v. *Mattox,* 2 Ohio, 233 ; *Hall* v. *Hall,* 4 Allen, 39; *Clapp* v. *Clapp,* 97 Mass. 531; *Handy* v. *Handy,* 124 Mass. 394.  See, also, the unreported opinion of this court on file, in *Goodell* v. *Goodell,* Providence County, October Term, 1886, Divorce, No. 7,467.

We therefore decide that the plea of recrimination, being fully sustained by the evidence, is a bar to the petitioner's suit for divorce.                                    *Petition dismissed.*

*Stephen A. Cooke, Jun., & Louis L. Angell,* for petitioner.

*George J. West,* for respondent.