while strong evidence, when unexplained, to show that the credit was given to the latter, is not conclusive of the fact.

3. FRAUDS, STATUTE OF, § 2*—*when debtor not released by oral promise.* A valid oral promise may be made with regard to the debt of a third person without releasing the original debtor.

4. FRAUDS, STATUTE OF, § 126*—*when evidence sufficient to show promise to be original.* In an action by a subcontractor against the owner of the property to recover on a promise to pay for the work done under the contract, evidence examined and *held* sufficient to warrant a finding that the promise was direct and original and not within the Statute of Frauds.

## Pauline Ehrhardt, Appellee, v. George M. Ehrhardt, Appellant.

### Gen. No. 21,856.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed February 14, 1916.

### Statement of the Case.

Pauline Ehrhardt filed her bill for divorce against George M. Ehrhardt and he filed a cross-bill against her. June 25, 1914, both bill and cross-bill were dismissed for want of equity, and the same day an order was entered that the defendant pay to complainant $108 on account of her solicitor's fees in the case. An order was entered commanding defendant to show cause why he should not be attached for contempt in failing to pay complainant $108 solicitor's fees, and on hearing of the rule April 12, 1915, defendant was adjudged guilty of contempt and an order entered that he be attached and confined in the county jail until he pay such solicitor's fees, but not exceeding six months. From that order this appeal is prosecuted by the defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM B. BERGER and ALVIN E. STEIN, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

DIVORCE, § 135*—*when order to pay solicitor's fees improper.* Where a wife's bill for divorce is dismissed for want of equity, the court has no authority to order defendant to pay complainant solicitor's fees, and a commitment for contempt for failure to pay such fee will not be allowed to stand.

---

## Max Stricker, Appellee, v. William· M. Umbdenstock, Appellant.

### Gen. No. 21,962.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1915. Appeal dismissed. Opinion filed February 14, 1916.

### Statement of the Case.

Trespass on the case by Max Stricker, plaintiff, against William M. Umbdenstock, defendant.

Judgment was rendered for plaintiff March 22, 1915. The time for filing the appeal bond was by orders properly entered extended "to and including June 1, 1915." The bond was not filed until June 2nd.

FURBER & WAKELEE, for appellant.

ADLER & LEDERER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.