CARLOS CHRISTIAN, Plaintiff

v.

EARLYN CHRISTIAN, Defendant

Civil No. 48-1937

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 29, 1937

Jacques M. Schiffer, Esq., Charlotte Amalie, *for plaintiff*
James A. Bough, Esq., Charlotte Amalie, *for defendant*

HASTIE, *Judge*

The plaintiff, Carlos Christian, is seeking a divorce from the defendant, Earlyn Christian, upon the statutory ground of "incompatibility of temperament." (1921 Code, Title III, ch. 64, § 5; 16 V.I.C. § 104).

Carlos Christian and Earlyn Christian were married in June, 1936. They separated after living together a few months.

All witnesses agree that during the brief time that the plaintiff and the defendant lived together, their home life was marked by frequent bickerings, mutual recriminations, and even exchanges of blows. The plaintiff contends that it is not possible for the spouses to live peaceably together again. The defendant, however, insists that she still loves her husband and will live with him again whenever he determines to treat her properly.

The evidence shows that both parties are possessed of strong and unyielding wills, high tempers and assertive personalities. Between them there seems to be no capacity for the tolerance, the compromises, and the mutual concessions essential to marriage. Incompatibility of temperament has been established by the evidence now before the Court.

However, as this court has already pointed out in Nielsen v. Nielsen, No. 44 - 1937, Div. of St. Thomas and St. John (see p. 391, this volume), the party whose wrongful conduct is responsible for an estrangement cannot obtain a divorce even though incompatibility of temperament is shown to exist. The evidence concerning responsibility for the marital difficulties of the Christians is conflicting. The defendant and her witnesses claim that the husband was the instigator of their quarrels and altercations. The plaintiff claims that the wife was at fault.

Resolving this conflict, the Court is of the opinion that the evidence tends to show that the husband by verbal abuse, and sometimes by blows, provoked and initiated frequent altercations between the spouses. Although a wife of different temperament might have composed many of their differences, the husband cannot obtain redress for the wife's resistance to his own wrongful aggression.

It follows that the predominance of wrongful conduct of the husband among the causes which resulted in the estrangement must preclude the husband from obtaining a divorce, although the spouses have shown themselves to be incompatible.

Counsel may present for signature Findings and Conclusions consistent with this opinion, and a Decree dismissing the complaint.