Andrew H. Nesheim, Appellant, v. Marie Nesheim, Appellee.

Gen. No. 39,598.

258

Opinion filed January 10, 1938.

WILLIAM B. STEINBERG, of Chicago, for appellant.

EMIL SEERUP, of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, seeking a divorce, filed his complaint May 3, 1935, charging that on November 3, 1933, defendant wilfully deserted him without cause and absented herself from plaintiff for the space of one year and upward; defendant answered, denying the desertion. Upon the hearing evidence was introduced on behalf of plaintiff only. The court held that upon the showing made plaintiff was not entitled to a divorce and ordered his complaint dismissed and that plaintiff pay defendant $100 for her attorney's fees. Plaintiff appeals from this order.

Plaintiff testified as to his marriage to defendant on December 4, 1920, and that they lived together as husband and wife until November 3, 1933; that at this date when he returned from a business trip he found the door of their apartment locked against him; that his wife would not permit him to enter; that he tried to call

her by telephone several times but she would not answer; that he also wrote her several letters, which went unanswered; that he went elsewhere to live and has not lived with defendant since November 3, 1933.

Upon cross-examination it was developed that plaintiff at about the time of the alleged desertion was unlawfully intimate with a niece of defendant, living with them, as a result of which the niece gave birth to a child on August 31, 1934, of which plaintiff admits he is the father.

Sec. 1, ch. 40, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 109.169, provides that: "In every case in which a marriage has been, or hereafter may be contracted and solemnized between any two persons, and it shall be adjudged, in the manner hereinafter provided, that either party : . . . has wilfully deserted or absented himself or herself from the husband or wife, without any reasonable cause, for the space of one year . . . it shall be lawful for the injured party to obtain a divorce and dissolution of such marriage contract."

Plaintiff, appealing, argues that it was improper to inquire into his acts subsequent to November 3, 1933, the date of the alleged desertion, as no issue as to this was made by the pleadings. The comprehensive opinion in *Decker v. Decker,* 193 Ill. 285, is against this contention, holding that it was within the power of the chancellor, standing as the representative of the public, in a proper case to refuse to grant a divorce though the ground of such refusal be without the issues made by the pleadings of the parties. This rule was repeated in *Zimmerman v. Zimmerman,* 242 Ill. 552.

It being within the power of the court to permit an inquiry into the conduct of the instant plaintiff, the question is presented whether, where he charges desertion as a ground of divorce and admits that within a month after the beginning of the period of desertion he committed adultery, he is entitled to a decree upon the ground alleged in his complaint.

It is not an unreasonable inference that the reason the defendant refused to live with plaintiff was his conduct in connection with her niece, which would be a "reasonable cause" for her desertion. But however this may be, we are of the opinion that the trial court was correct in holding that if plaintiff was guilty of adultery within the space of one year after the desertion he was not entitled to a decree of divorce. In *Decker v. Decker, supra,* it was held that the charge of adultery is a good recriminatory defense to the charge of cruelty in the complaint filed by the plaintiff. In *Zimmerman v. Zimmerman, supra,* the plaintiff sought a divorce on the ground of cruelty; it appeared upon the trial that she had been guilty of adultery. The court held that where this fact appeared, "whether set up by the pleadings or not," the divorce will not be granted. See also *Lenning v. Lenning,* 176 Ill. 180.

Plaintiff in his brief argues that there were no restrictions on his conduct during the year immediately following the date of the desertion and that his act of adultery within this year cannot be presented as a defense to his complaint. In 101 A. L. R. 646, it is stated as a general rule that a party charged with desertion may defeat the petition for divorce by showing that the plaintiff has been guilty of adultery after the alleged desertion, and this for the reason that the plaintiff in such a case does not come into court with clean hands, or at least is regarded as precluded, by his own guilty conduct which is itself a ground of divorce, from relying on the defendant's guilt with respect to the other cause of divorce. This is supported by a list of citations from many States. A typical case is *Clapp v. Clapp,* 97 Mass. 531. There, apparently the period of desertion entitling one to a divorce was five years; the plaintiff sought to obtain a divorce on the ground of desertion; it was proved in defense that about four years after the date of desertion plaintiff had committed adultery. The court denied him a divorce on the ground that a party guilty of the breach of the mar-

riage vow should not have the assistance of the court to enforce any marital right; that at the time when the plaintiff committed his offense of adultery "a *locus penitentiae* remained to the wife, and she might have returned to him. His offense justified her in never returning." Applying this to the instant case, we hold that the statutory period of one year after the date of desertion was a time within which defendant had the opportunity for repentance and might have returned to plaintiff, but that his adulterous conduct in this period justified her in not returning. The dismissal of plaintiff's complaint was proper.

Complaint is made of the allowance to defendant for her attorney's fees. Sec. 15, ch. 40, Divorce Act, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 109.182, permits the allowance of such fees. Defendant was made a party to this suit and was forced by plaintiff to engage counsel and defend the action. In this respect it differs from *Ehrhardt v. Ehrhardt*, 198 Ill. App. 47, where the wife brought the suit which the court held she could not maintain.

. We see no reason to disturb the order of the chancellor and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.