**SALVADOR JIMENEZ QUINONES, Plaintiff**

v.

**FEDORA COLON CASTAIGNS, Defendant**

Civil No. 74-1949

District Court of the Virgin Islands

Div. of St. Thomas and St. John at
Charlotte Amalie

May 22, 1950

**MOORE,** *Judge*

This matter came on to be heard on June 27, October 18 and 19, and November 18, 1949. The Court, after having heard testimony and argument of counsel, found that there exists a state of incompatibility of temperament between the plaintiff and the defendant; but that this incompatibility arose through the fault of both parties.

Subsequently, both plaintiff and defendant submitted briefs on the sole question as to whether plaintiff is entitled to the relief sought in view of the above finding of the Court, and therefore this opinion addresses itself to this question only.

The statute of the Municipality of St. Thomas and St. John (Act Leg. Assem. Dec. 29, 1944 (Bill No. 14), § 7; 16 V.I.C. § 104(a)) provides that "the dissolution of the marriage contract may be declared at the action of the injured party for any of the following causes:". The statute then enumerates the various grounds upon which divorce may be granted to the said injured party, including the ground of incompatibility of temperament.

In Words and Phrases No. 21, p. 408, we find the term "injured party" described as follows:

". . . allowing a divorce to the 'injured party,' are given the same construction as Rev. St. 1845, c. 53, allowing the 'innocent and injured party' a divorce; and where both parties are in fault the court will not attempt to find which is most in fault, but will award neither the relief sought. Barth v. Barth, 151 S.W. 769, 771, 168 Mo. App. 423."

136

The case of Barth v. Barth, supra, also holds as follows:

"In an action by a husband for divorce on the ground of indignities rendering his condition intolerable, evidence held to show that he was not an injured party as required by statute allowing such a party a divorce, he having been also guilty of improper treatment."

In the decision in the said case, the court also said:

"Reviewing the testimony in this case we have no hesitancy in saying that we agree with the findings of the trial court in that the defendant in this case is guilty of perpetrating sufficient of the acts charged by the plaintiff to a divorce, *provided he was without fault himself.*" (italics ours)

■ If we give the words "injured party" the same construction as "innocent and injured party," as the court did in Barth v. Barth, supra, and as our statute seems to indicate, as shall presently be shown, the holding of the court in the case of Wick v. Wick, 39 A.2d 304, 307, 155 Pa. Super. 528, clearly shows that where both parties are in fault, neither may be granted a divorce. In that case the court said:

"A husband's trips, on which he was accompanied by two or more of his young women employees, after filing of wife's libel for divorce, was sufficiently provocative of wife's improper conduct toward husband to take him out of class of 'injured and innocent spouse' entitled to divorce, though no personal misconduct took place between him and any of such employees."

To the same purport the same court held, as follows:

"A wife's conduct in applying vile and opprobrious names to her husband's female secretary, with whom wife suspected unjustifiably that husband was going, took wife out of class of 'injured and innocent spouse' entitled to divorce."

The plaintiff herein appears to rely upon the decision in the case of Chavez v. Chavez, 101 A.L.R. 635, and has cited in his brief a corpus juris quotation which Justice Bickley quoted in a specially concurring opinion and which was not the governing opinion rendered in

137

the case, for the court held, in the governing opinion, that the following, among other similar holdings, was applicable:

"It is a rule recognized in all courts, and applicable to all classes of actions, that every suitor who seeks redress at the hands of a court should come unfettered and unsullied by faults and wrongs of his own commission against the contending party. This principle has become aphorized in the law as 'clean hands'. It is plainly and palpably violated and infringed whenever a litigant who prays a divorce has been guilty of any act which, under the statute, would furnish the defendant a cause of action as against him. This alone ought to be sufficient to defeat the plaintiff's right of recovery, for she was guilty of a great offense against the marital obligation before she filed her bill. It has never been sufficient, even under the English authorities, to respond that, 'Even though this be true, you first sinned, and I may therefore recover.' The law left them where it found them. This conclusion finds strong support in the consideration that under the statute every offense which is thereby made a ground for divorce is of equal force and validity, and, when presented and proved, entitles the litigant to identically the same relief. It is therefore impossible for the courts in determining the obligations of the marriage contract to hold that there is any difference in the legal character of the breaches when their action is invoked upon any of them. Whatever may be the ethical considerations, and the gravity of the offenses laid in a moral point of view, they are of no value in this respect. Conant v. Conant, 10 Cal. 249, 250, (70 Am. Dec. 717); Hoff v. Hoff, 48 Mich. 281, 12 N.W. 160; Nagel v. Nagel, 12 Mo. 53; Johns v. Johns, 29 Ga. 718; Shackett v. Shackett, 49 Vt. 195; Ribet v. Ribet, 39 Ala. 348; Adams v. Adams, 17 N.J. Eq. 324; Handy v. Handy, 124 Mass. 394.

"Under the law as established by these authorities on the coming in of the verdict establishing the desertion by the husband, the court being advised by the wife's admission that she had been guilty of adultery, should have dismissed both bill and cross bill, and left the parties bound by the tie which they had severally dishonored. Redington v. Redington, 2 Colo. App. 8, 29, P. 811, at page 812."

■ Attorney for the plaintiff in his argument stated that "injured party" in our statute does not refer to

"incompatibility of temperament." In stating the grounds under which a party may be granted a divorce, the statute did not differentiate between the several grounds cited. That the intention of the Legislature in using the phrase "injured party" meant in all the grounds "injured and innocent party" or "party not in fault," may be found in section 12 of the Divorce Law (Act Leg. Assem. Dec. 29, 1944 (Bill No. 14), §§ 7, 12; 16 V.I.C. §§ 104(a), 109), which reads as follows:

"Whenever a marriage shall be declared void or dissolved the court shall have power to further decree as follows: (1) For the future care and custody of minor children of the marriage as it may deem just and proper having due regard to the age and sex of such children and unless otherwise manifestly improper giving the preference to the *party not in fault;* (2) For the recovery from the *party in fault,* and not allowed the care and custody of such children; such an amount of money, in gross or in installments, as may be just and proper for such party to contribute toward the nurture and education thereof; (3) For the recovery from the *party in fault* such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other; (4) For the delivery to the wife when she is *not the party in fault,* of her personal property in the possession or control of the husband at the time of giving the judgment; (5) For the appointment of one or more trustees to collect, receive, expend, manage, or invest, in such manner as the court shall direct, any sum of money adjudged for the maintenance of the wife or the nurture and education of minor children committed to her care and custody; (6) to change the name of the wife when she is *not the party in fault."* (italics supplied)

In the case of State v. Brown at 11 N.E.2d 679, 113 A.L.R. 1243, the court said, with reference to the term "injured party," as follows:

"The spouse of one incurably insane is an 'injured party' entitled to divorce for incurable insanity under the statute, notwithstanding that, as respects other causes for divorce, 'injured party' is presumed to suffer actual injury by conduct constituting

cause for divorce, since the term 'injured party' must be construed so as to give effect to obvious intent of the act regulating granting of divorces as a whole. Acts 1935, c. 87, § 1, cl. 8. State v. Brown, Ind., 11 N.E.2d 679, 681, 113 A.L.R. 1243."

The court also said in the same case, with reference to duty of the court in giving effect to the intent of the legislature that "Courts are bound to declare the law to be that which the General Assembly, acting within its constitutional power, enacts, be it wise or foolish as measured by our personal views, and even though it shocks our sense of justice and fairness."

██ In the instant case, the Court is bound to declare the law to be what the Legislature has enacted and to give effect to the same. As the Legislature has declared that a divorce may be granted at the action of the "injured party" for any of the causes enumerated, among which is incompatibility of temperament, the Court is bound to give effect to the intent of the Legislature.

██ While incompatibility may not necessarily be based on the fault of the defendant, it would seem that under our law the plaintiff must show that he is not in fault, and besides, that he has been injured by the resulting condition existing between the parties.

██ ██ If he can show that he is injured, but it is also shown that the injury was brought on by or co-existed with his own misconduct, then he would not be entitled to the relief sought. The Court believes that the "injured party" or "party not in fault" requirements of the statute, even on the ground of incompatibility, is a check placed by the Legislature to "easy divorces," so that it would not be sufficient to show, regardless of the language used in the complaint, that the plaintiff is tired of his present spouse and home and the responsibilities thereof and seeks surcease therefrom, possibly with the intention of forming, if not consummating, relationships to which he has no moral or legal right.

140

■ In the instant case, the plaintiff having failed to show that he was not the party in fault and, therefore, not the "injured party" within the meaning of the statute, the case should be dismissed.