**THOMAS W. COLBY, Plaintiff**

**v.**

**HAZEL SAWYER COLBY, Defendant**

Civil No. 230-1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 22, 1968

*See, also, 283 F.Supp. 150*

DUDLEY & GRUNERT, Charlotte Amalie, St. Thomas, Virgin Islands (RICHARD E. GRUNERT, ESQ., of counsel), *for plaintiff*

BAILEY & WOOD, Charlotte Amalie, St. Thomas, Virgin Islands (WILLIAM A. BAILEY, ESQ., of counsel), *for defendant*

GORDON, *District Judge*

## MEMORANDUM OPINION

This is an action for divorce grounded on incompatibility of temperament, 16 V.I.C. § 104(8). It is contested by the wife, whose main objection is that the facts place the case within the rule of Sachs v. Sachs, 3 V.I. 274, 155 F.Supp. 860 (D.C.V.I. 1957) affirmed on other grounds, 4 V.I. 102; 265 F.2d 31 (3rd Cir. 1959). The wife also argues "that plaintiff's action herein is devoid of equity in that plaintiff comes into Court with unclean hands."

█ It is true that where the incompatibility of temperament complained of is due to the wife's conduct in objecting to the husband's relationship with another woman, a sufficient case of incompatibility is not established. This is the holding of Sachs, and this principle has been approved by the Third Circuit. Shearer v. Shearer, 5 V.I. 439; 356 F.2d 391 (1965) (dicta).

█ The Court does not feel that the facts in this case are analogous to those in Sachs. It is true that the husband here was involved with another woman and it is true that the wife objected. But the evidence clearly shows a "hopeless disagreement and discord of the parties," the "foundering of the marital barque upon the rocks of disharmony," and a concomitant diminishing of reasonable avenues of reconciliation to the point where the marriage was beyond salvage. The cause was not so much the con-

duct of the husband with another woman, as it was a growing and deep conflict in the personalities and dispositions which were first evidenced after the birth of the parties' only child and which continued for several years culminating in total separation. It is true that the husband's relationship with another woman may have broadened the rift. But it is also true that the rift may have led the husband to another woman. The relationship between husbands and wives is complex and to attempt to isolate individual contributing factors in the destruction of the marital relationship is to engage in an artificial and somewhat unrealistic inquiry. Incompatibility can well lead to adultery which in turn, if not leading to still further incompatibility, at least tends to solidify the breach and to close avenues of reconciliation. This interplay holds true not only in the case of adultery, but also where desertion, cruel treatment, and drunkeness are found, each of which is grounds for divorce in this jurisdiction.

Suffice it to say that the Court finds this case quite different from Sachs, and believes that the gravity of the arguments, disagreements and disharmonies show sufficient incompatibility of temperament between the spouses to entitle the husband to a divorce. There is no question in the Court's mind, despite the relationship of the husband with another woman, that there existed "conflicts in personalities and dispositions so deep as to be irreconcilable and to render it impossible for the parties to continue a normal marital relationship with each other." Burch v. Burch, 2 V.I. 559; 195 F.2d 799 (3rd Cir. 1952).

The wife's argument that her husband comes into Court with "unclean hands" is not well taken. This is no more than the defense of recrimination, the doctrine that the plaintiff must show himself innocent of any substantial wrongdoing before he is entitled to a divorce. Since

Burch,[1] the defense of recrimination has had no application in the Virgin Islands in cases involving incompatibility of temperament as grounds for divorce. Instead "evidence of misconduct on the part of the plaintiff may be considered by the Court along with all other evidence in determining whether, in the discretion of the Court, the best interest of the parties and of the public will be served by the granting of a divorce." Burch v. Burch, 2 V.I. 559, 579; 195 F.2d 799, 810 (3rd Cir. 1952). This still makes relevant the conduct of the complaining spouse, but removes it from the harsh operation of fault concepts and substitutes instead a more liberal, contemporary and reasonable approach to terminal marital discord. (Cf. the dissent of Freeman, J., in Shearer v. Shearer, supra; and the discussion in Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 832 (S.Ct. New Mex. 1946). Also relevant is Clark v. Clark, 54 N.M. 364, 225 P.2d 147, 21 A.L.R.2d 1263 (S.Ct. New Mex. 1950). Incompatibility of temperament is a ground for divorce in New Mexico.)

Once the Court has concluded, as it has in this case, that because of incompatibility it has become impossible for the parties to continue any semblance of a normal marital relationship, it is difficult to imagine a situation where the divorce should not be granted. Certainly any realistic and intelligent appraisal of a "finished" marriage would dictate such a result. It would have to be a compelling public or private interest, indeed, to result in the denial of a divorce in these circumstances. In any event, in this case, it seems overwhelmingly clear that the best interests of the

---

[1] In Burch, the Court did not mention the earlier District Court cases of Quinones v. Castaigns, 2 V.I. 134 (1950); Christian v. Christian, 1 V.I. 399 (1937); Nielsen v. Nielsen, 1 V.I. 391 (1937), all three of which discussed and applied the defense of recrimination in one form or another. It is clear that these cases are overruled *sub silentio*. The fact that they were not officially published in the Virgin Islands Reports until 1959 probably accounts for the absence of any reference to them.

parties and the public will be served by the granting of the divorce. Under the facts of this case, the Court can only foresee a disservice to the public interest and to the parties in not "terminating a marriage which has long since ended in fact and now [exists] only in name." Shearer v. Shearer, 5 V.I. 439, 460; 356 F.2d 391, 402 (3rd Cir. 1965) (Freeman, J., dissenting).

■ With regard to alimony, the Court feels that plaintiff's conduct in supporting his wife over the years has been exemplary. He has provided her with title to the family home, has afforded her an automobile, albeit a vintage model. He has made provisions for her support under his retirement plan should he predecease her. In addition, over the many years that the parties were separated, he provided funds for the management of the home and her personal expenses. Since he has resided in the Virgin Islands, he has regularly provided financial support. Considering the relative financial positions of the parties, the previous amounts of support voluntarily paid by the husband, and the total dependence of the wife, the Court feels that an award of alimony in the amount of $275.00 per month is reasonable and adequate, subject to further order of this Court.

Counsel for plaintiff will submit a decree in accordance herewith.